## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANIEL LUTWAK,<br><br>                    Plaintiff,<br><br>       v.<br><br>RED TOOLBOX USA, INC.,<br><br>                    Defendant. | Case No.<br><br><br>**CLASS ACTION**<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Daniel Lutwak, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through counsel and pursuant to the Federal Rules of Civil Procedure, brings this Class Action Complaint against Defendant Red Toolbox USA, Inc. ("Red Toolbox" or "Defendant") and alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.     This is a case about Defendant's manufacture and sale of nearly 500,000 harmful children's toys that were coated in dangerously high amounts of lead—high enough to violate the federal lead paint ban and pose a poisoning risk to children, forcing Defendant to recall the products.

2.     Rather than accept responsibility and reimburse consumers for a product that is effectively worthless given its dangerous lead contamination, Defendant has instead told consumers to undertake an onerous and potentially dangerous recall procedure that requires (i) manually disassembling the product to

remove the portions containing illegal lead paint; (ii) photographing the disassembled product; (iii) registering with an online portal to submit the photographs; and (iv) waiting 30 to 45 days for a "similar product replacement".[1]

3.      Plaintiffs file this lawsuit to remedy Defendant's unfair and deceptive business practices arising from Defendant's marketing and sale of their dangerous products intended for use by children *as young as three years' old.*

**PARTIES**

4.      Plaintiff Daniel Lutwak is a resident of Fort Lauderdale, Florida. Plaintiff and each member of the proposed classes purchased the Stanley Jr. Kids Wheelbarrow and 7-Piece Garden Set, which had model number 1662178 and a manufacturing date of "12.2023" (the "Garden Set") from a Costco brick and mortar store.

5.      Plaintiff purchased the Garden Set for his son at the Costco brick and mortar location in Davie, Florida, for $34.99 on May 5, 2024.  Plaintiff's son used the Garden Set for months and had no idea that the Garden Set was contaminated with illegal amounts of lead.

6.      Plaintiff is dissatisfied with the onerous and potentially dangerous recall procedures set forth by Defendant and cannot believe that Defendant is asking consumers to dispose of lead-contaminated products on their own and only sending

---

[1] *See* https://www.recall-rtb.com/.

a replacement, rather than re-funding the full amount of the Garden Set. Plaintiff has not received a refund for his purchase.

7.     Defendant Red Toolbox is a corporation incorporated under the laws of Delaware with a principal place of business at 318 Helms Court, Florham Park, New Jersey.

8.     Red Toolbox manufactures, distributes, and markets pretend versions of household tools and appliances branded with popular trademarks like Scotts, Miracle-Gro, Stanley, Black + Decker, and Char-Broil, presumably pursuant to some kind of trademark licensing arrangement with the owners of these brands.

9.     Red Toolbox was the manufacturer, marketer, and distributor of the Garden Set, which was branded as a "STANLEY Jr." product.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2)(A), because: (1) there are 100 or more putative class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000.00, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

11.     This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the laws, rights, and benefits of the State of New Jersey. Defendant Red Toolbox has its principal place of business in New Jersey.

3

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because Defendant resides in this district.

## SUBSTANTIVE ALLEGATIONS

13.     Red Toolbox manufactured and distributed the Garden Set, a set of pretend gardening tools containing a wheelbarrow, apron, gloves, rake, hoe, and hand tools.

14.     The Garden Set's packaging expressly marketed the toys to children from ages 3 and up.

15.     However, two of the tools in the Garden Set—the rake and long hoe tools—contain levels of lead that exceed the federal lead paint ban, posing a lead poisoning hazard to children.

16.     Lead is toxic if ingested by young children and can cause serious health issues.

17.     According to the U.S. Centers for Disease Control, even low levels of lead in blood have been shown to negatively affect a child's health.

18.     Lead exposure can cause well-documented adverse effects, including damage to the brain and nervous system; slowed growth and development; learning and behavior problems; and hearing and speech problems.

19.    These adverse effects can cause a lower intelligence quotient, decreased ability to pay attention, and underperformance in school.

20.    The CDC also notes that the health effects of exposure are particularly harmful to children less than six years of age.

21.    This is exactly why the federal government banned certain amounts of lead in paint used on children's toys.

22.    Under the Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq*., and its implementing regulations, "toys and other articles intended for use by children" may not have paint with lead content in excess of 0.009% by weight of the total nonvolatile content of the paint or the weight of dried paint film.  Se 16 C.F.R. § 1303.1 *et seq*.

23.    Despite the federal ban, Defendant manufactured and sold the Garden Set that used banned lead paint in two of its tools—and marketed the Garden Set to children as young as three years old.

24.    The packaging of the Garden Set makes perfectly clear that it is intended for very young children, especially by expressly stating that it can be used by children "3+":



25.     Plaintiff and the members of the proposed classes are everyday consumers who purchased toys for their children with no knowledge that they might contain harmful amounts of toxic lead.

26.     While the Garden Set's packaging contained various warnings, it omitted any warning of the harmful and illegal amounts of lead contained in the rake and hoe tools that are contained in the Garden Set, depicted below:



27.    Defendant was in the best position to know how the products were manufactured, but it failed to disclose to Plaintiffs that there was a risk that Defendant's toys could harm Plaintiff's and the class members' children.

28.    There is no mention of the existence or even any risk of the existence of lead paint anywhere on the Garden Set's packaging or any marketing materials used by Defendant to promote the product in brick-and-mortar Costco stores, on Costco's website, or anywhere else.

29.    Defendant had a duty to Plaintiffs to adequately warn about and disclose the risks of a harmful substance in their products, but they breached this duty and concealed these risks.

30.    Plaintiff, the proposed class members and, indeed, any reasonable person would not have purchased the product had they been adequately informed of the existence of illegal amounts of lead paint in the Garden Set.

31.    By definition, a children's toy such as the Garden Set containing unlawful amounts of lead is not fit for its ordinary and intended use.

32.    On September 12, 2024, the Consumer Product Safety Commission announced a recall of about 459,200 units of the Garden Set's hoe and rake tools in the United States and another 60,480 units in Canada.[2]

33.    The recall noted that "[t]he painted long hoe and rake of the recalled garden set contain levels of lead that exceed the federal lead paint ban, posing a lead poisoning hazard to children." *Id.*

34.    Remarkably, after these illegal amounts of lead were revealed to the public and a recall of the rake and long hoe tools was issued, Defendant did not agree to refund Plaintiffs or the proposed class members for the money spent on Defendant's harmful products—instead, Defendant only offered to replace the products if purchasers went through the onerous and annoying process of (i) manually disassembling the product to remove the portions containing illegal lead

---

[2] *See* https://www.cpsc.gov/Recalls/2024/Red-Toolbox-Recalls-Stanley-Branded-Jr-Kids-Garden-Sets-Due-to-Lead-Poisoning-Hazard-Violation-of-Federal-Ban-for-Lead-in-Paint-Sold-Exclusively-by-Costco-Wholesale/.

paint; (ii) photographing the disassembled product; (iii) registering with an online portal to submit the photographs; and (iv) waiting 30 to 45 days for a "similar product replacement".[3]

35.    For a product that cost roughly $35.00 per Garden Set, this is a wholly inadequate and time-consuming remedy.

36.    Defendant should have instead issued full refunds for the cost of a harmful and illegal product that it sold to the public.

37.    Defendant also should have taken responsibility for the harmful nature of their lead-containing products and established a procedure whereby *Defendant*, not individual consumers, collects and disposes of the rake and hoe tools that contain illegal amounts of lead.

38.    Moreover, Defendant has not even met their own 30- to 45-day timeline for sending these so-called "similar product replacement[s]".

39.    Plaintiff and the proposed class members bring this case to recoup their money spent on this harmful product and obtain other monetary and equitable relief that they are entitled to, as described below.

## CLASS ALLEGATIONS

40.    Plaintiff brings this lawsuit individually and, pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, for monetary damages,

---

[3] *See* https://www.recall-rtb.com/.

injunctive relief, and declaratory relief on behalf of all persons in the United States who purchased the Garden Set ("the Nationwide Class").

41.    In addition, Plaintiff brings this lawsuit on behalf of a subclass of all residents of the State of Florida who purchased the Garden Set in Florida (the "Florida Subclass").

42.    **Numerosity.** Each defined Class is so numerous that the joinder of all Class members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts. Plaintiff does not presently know the exact size of each Class but each Class likely numbers in the thousands, and the precise number is in Defendant's possession, custody, or control and will be obtained in discovery.

43.    **Common Questions Predominate.** This action involves common questions of law and fact to each Class because each member's claim derives from Defendant's false, deceptive, and misleading statements and omissions as alleged above. Common questions of law and fact include but are not limited to:

- Whether Defendant made misstatements and/or omissions regarding lead in the Garden Set;

- Whether a reasonable consumer would consider the statements to be material;

- Whether a reasonable consumer would be misled by Defendant's advertising and marketing regarding the Garden Set;

10

- Whether a reasonable consumer would rely upon Defendant's misstatements and omissions concerning the Garden Set;

- Whether Defendant had knowledge of its misstatements and omissions;

- The date of Defendant's knowledge;

- Whether each of the alleged advertising misstatements described in detail above was false or misleading;

- Whether Defendant's conduct violates each of the laws set forth in the causes of action below;

- Whether Plaintiffs and each Class were harmed at the point of sale by Defendant's conduct;

- Whether Defendant violated express and/or implied promises or warranties concerning the sale of the Garden Set; and

- Whether Defendant was unjustly enriched as a result of its conduct.

These common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of each Class to recover.

44. **Typicality.** Plaintiff's claims are typical of the claims of other Class members they seek to represent because, among other things, all such claims arise by Defendant as alleged herein. Plaintiff and the Class members each purchased the Garden Set based on Defendant's misrepresentations and omissions and they all suffered economic damages as a result.

45.    **Adequate Representation.** Plaintiff will fairly and adequately protect the interests of all Class members. Plaintiff has no interests in conflict with the interests of Class members. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and those of the Classes. By prevailing on his own claims, Plaintiff will establish Defendant's liability to all Class members. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action and Plaintiff and his counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties.

46.    **Superiority.** There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by Class members will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, an important public interest will be served by addressing the matter as a class action.

47.    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

48.    **Injunctive and Declaratory Relief.** Class certification is also appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant acted and refused to act on grounds generally applicable to the class, making injunctive and declaratory relief appropriate with respect to each Class as a whole.

## CAUSES OF ACTION

### COUNT I
**Breach of the Implied Warranty of Merchantability**
**(On behalf of Plaintiff, the Nationwide Class, and the Florida Subclass)**

49.    Plaintiff incorporates by reference all preceding allegations.

50.    By operation of law, Defendant, as the manufacturer and distributor of the Garden Set, impliedly warranted to Plaintiff and the members of each proposed Class that the Garden Set was of merchantable quality and fit for its ordinary and intended use.

51.    Such implied warranty of merchantability, contained in U.C.C. § 2-314, has been codified in each state. See, e.g., Ala. Code §§ 7-2-314, *et seq*.; Alaska Stat. §§ 45.02.314, *et seq*.; Ariz. Rev. Stat. Ann. §§ 47-2314, *et seq*.; Ark. Code Ann. §§ -2-314, *et seq*.; Cal. Com. Code §§ 2314, *et seq*.; Colo. Rev. Stat. §§ 4-2-314, *et seq*.;

Conn. Gen. Stat. Ann. §§ 42a-2-314, *et seq*.; Del. Code Ann. tit. 6, §§ 2-314, *et seq*.; D.C. Code Ann. §§ 28:2-314, *et seq*.; Fla. Stat. Ann. §§ 672.314, *et seq*.; O.C.G.A. §§ 11-2-314, *et seq*.; Haw. Rev. Stat. §§ 490:2-314, *et seq*.; Idaho Code §§ 28-2-314, *et seq*.; Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et seq*.; Ind. Code Ann. §§ 26-1-2-314, *et seq*.; Iowa Code Ann. §§ 554.2314, *et seq*.; Kan. Stat. Ann. §§ 84-2-314, *et seq*.; Ky. Rev. Stat. Ann. §§ 355.2-314, *et seq*.; La. Civ. Code Ann. art. 2520, *et seq*.; Me. Rev. Stat. Ann. tit. 11, §§ 2-314, *et seq*.; Md. Code Ann., Com. Law §§ 2-314, *et seq*.; Mass. Gen. Laws Ann. Ch. 106, §§ 2-314, *et seq*.; Mich. Comp. Laws Ann. §§ 440.2314, *et seq*.; Minn. Stat. Ann. §§ 336.2-314, *et seq*.; Miss. Code Ann. §§ 75-2-314, *et seq*.; Mo. Rev. Stat. §§ 400.2-314, *et seq*.; Mont. Code Ann. §§ 30-2-314, *et seq*.; Neb. Rev. Stat. §§ 2-314, *et seq*.; Nev. Rev. Stat. §§ 104.2314, *et seq*.; N.H. Rev. Stat. Ann. §§ 382-A:2-314, *et seq*.; N.J. Stat. Ann. §§ 12A:2-314, *et seq*.; N.M. Stat. Ann. § 55-2-314, *et seq*.; N.Y. U.C.C. Law §§ 2-314, *et seq*.; N.C. Gen. Stat. Ann. §§ 25-2-314, *et seq*.; N.D. Cent. Code §§ 41-02-31, *et seq*.; Ohio Rev. Code Ann. §§ 1302.27, *et seq*.; Okla. Stat. tit. 12A, §§ 2-314, *et seq*.; Or. Rev. Stat. §§ 72.3140, *et seq*.; 13 Pa. Stat. Ann. §§ 2314, *et seq*.; R.I. Gen. Laws §§ 6A-2-314, *et seq*.; S.C. Code Ann. §§ 36-2-314, *et seq*.; S.D. Codified Laws §§ 57A-2-314, *et seq*.; Tenn. Code Ann. §§ 47-2-314, *et seq*.; Tex. Bus. & Com. Code §§ 2.314, *et seq*.; Utah Code Ann. §§ 70A-2-314, *et seq*.; Va. Code Ann. §§ 8.2-314, *et seq*.; Vt. Stat. Ann. tit. 9A, §§ 2-314, *et seq*.; Wash. Rev. Code §§ 62A.2-314, *et seq*.; W. Va.

Code §§ 46-2-314, *et seq*.; Wis. Stat. Ann. §§ 402.314, *et seq*.; and Wyo. Stat. Ann. §§ 34.1-2-314, *et seq*.

52.    Defendant breached the implied warranty of merchantability in connection with the sale of the Garden Set. While Defendant advertises, markets, and promotes that its Garden Set is safe for use as a children's toy, it is not, rendering it unsuitable for use.

53.    Had Plaintiffs and the Class known that Defendant's Garden Set contained unlawful amounts of lead, they would not have purchased it.

54.    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and the members of the proposed Classes have sustained damages in an amount to be determined at trial.

<u>**COUNT II**</u>
**Breach of the Implied Warranty of Useability**
**(On behalf of Plaintiff, the Nationwide Class, and the Florida Subclass)**

55.    Plaintiff incorporates by reference all preceding allegations.

56.    By operation of law, Defendant, as the manufacturer and distributor of the Garden Set, warranted to Plaintiff and the members of the proposed Classes through its statements and omissions that the Garden Set was useable for its ordinary and intended use.

57.    Such implied warranty arises under U.C.C. § 2-314(3) as adopted in each state.

58.    Such implied warranty of usability, contained in U.C.C. § 2-314, has been codified in each state. See, e.g., Ala. Code §§ 7-2-314, *et seq.*; Alaska Stat. §§ 45.02.314, *et seq.*; Ariz. Rev. Stat. Ann. §§ 47-2314, *et seq.*; Ark. Code Ann. §§ 4-2-314, *et seq.*; Cal. Com. Code §§ 2314, *et seq.*; Colo. Rev. Stat. §§ 4-2-314, *et seq.*; Conn. Gen. Stat. Ann. §§ 42a-2-314, *et seq.*; Del. Code Ann. tit. 6, §§ 2-314, *et seq.*; D.C. Code Ann. §§ 28:2-314, *et seq.*; Fla. Stat. Ann. §§ 672.314, *et seq.*; O.C.G.A. §§ 11-2-314, *et seq.*; Haw. Rev. Stat. §§ 490:2-314, *et seq.*; Idaho Code §§ 28-2-314, *et seq.*; Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et seq.*; Ind. Code Ann. §§ 26-1-2-314, *et seq.*; Iowa Code Ann. §§ 554.2314, *et seq.*; Kan. Stat. Ann. §§ 84-2-314, *et seq.*; Ky. Rev. Stat. Ann. §§ 355.2-314, *et seq.*; La. Civ. Code Ann. art. 2520, *et seq.*; Me. Rev. Stat. Ann. tit. 11, §§ 2-314, *et seq.*; Md. Code Ann., Com. Law §§ 2-314, *et seq.*; Mass. Gen. Laws Ann. Ch. 106, §§ 2-314, *et seq.*; Mich. Comp. Laws Ann. §§ 440.2314, *et seq.*; Minn. Stat. Ann. §§ 336.2-314, *et seq.*; Miss. Code Ann. §§ 75-2-314, *et seq.*; Mo. Rev. Stat. §§ 400.2-314, *et seq.*; Mont. Code Ann. §§ 30-2-314, *et seq.*; Neb. Rev. Stat. §§ 2-314, *et seq.*; Nev. Rev. Stat. §§ 104.2314, *et seq.*; N.H. Rev. Stat. Ann. §§ 382-A:2-314, *et seq.*; N.J. Stat. Ann. §§ 12A:2-314, *et seq.*; N.M. Stat. Ann. § 55-2-314, *et seq.*; N.Y. U.C.C. Law §§ 2-314, *et seq.*; N.C. Gen. Stat. Ann. §§ 25-2-314, *et seq.*; N.D. Cent. Code §§ 41-02-31, *et seq.*; Ohio Rev. Code Ann. §§ 1302.27, *et seq.*; Okla. Stat. tit. 12A, §§ 2-314, *et seq.*; Or. Rev. Stat. §§ 72.3140, *et seq.*; 13 Pa. Stat. Ann. §§ 2314, *et seq.*; R.I. Gen. Laws §§ 6A-2-314, *et*

*seq.*; S.C. Code Ann. §§ 36-2-314, *et seq.*; S.D. Codified Laws §§ 57A-2-314, *et seq.*; Tenn. Code Ann. §§ 47-2-314, *et seq.*; Tex. Bus. & Com. Code §§ 2.314, *et seq.*; Utah Code Ann. §§ 70A-2-314, *et seq.*; Va. Code Ann. §§ 8.2-314, *et seq.*; Vt. Stat. Ann. tit. 9A, §§ 2-314, *et seq.*; Wash. Rev. Code §§ 62A.2-314, *et seq.*; W. Va. Code §§ 46-2-314, *et seq.*; Wis. Stat. Ann. §§ 402.314, *et seq.*; and Wyo. Stat. Ann. §§ 34.1-2-314, *et seq.*

59.    Defendant, by its advertising, marketing, and sale of the Garden Set to Plaintiff and the members of the proposed Classes, impliedly warrants that its product is usable.

60.    Defendant breached the implied warranty of useability in connection with its manufacture and distribution of the Garden Set, as it contained defects and suffered from issues that were not readily apparent to consumers.

61.    Had Plaintiff and the proposed Class members known that they would not be able to use the Garden Set without exposing their children to unlawful amounts of lead, they would not have purchased the Garden Set.

62.    As a direct and proximate result of Defendant's breach of the implied warranty of useability, Plaintiff and the proposed Class members have sustained damages in an amount to be determined at trial.

## COUNT III
### Fraud
### (On behalf of Plaintiff, the Nationwide Class, and the Florida Subclass)

63.    Plaintiff incorporates by reference all preceding allegations.

64.    Defendant created and implemented a scheme to market the Garden Set to increase sales through false and misleading statements and material omissions, including, for example, that its Garden Set was safe for use as a children's toy, or by omitting the fact that the Garden Set contained unlawful amounts of lead.

65.    Defendant's conduct was fraudulent and deceptive because its misrepresentations and omissions were likely to, and did, deceive consumers, including Plaintiff and the Class.

66.    Defendant knew or should have known that its misrepresentations and omissions were false and misleading and intended for consumers to rely on.

67.    Plaintiff and the Class members have been injured because they paid for the Garden Set and suffered economic losses based upon the material misrepresentations and omissions of Defendant.

68.    Defendant's false statements and omissions induced Plaintiff and Class members to purchase Defendant's Garden Set.

69.    Defendant's advertising, marketing, and promotion of the Garden Set fraudulently concealed the truth about the Garden Set as alleged herein. Accordingly,

Plaintiff and the Class could not have known that they were subject to deceptive and misleading marketing and promotion.

70.    Absent Defendant's conduct, Plaintiff and Class members would not have purchased the Garden Set and are entitled to a full refund of the purchase price and additional economic losses.

71.    As a result of Defendant's false and deceptive conduct, Plaintiff and Class members are entitled to monetary, compensatory, treble, and punitive damages, injunctive relief, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**COUNT IV**
**Fraud by Concealment**
**(On behalf of Plaintiff, the Nationwide Class, and the Florida Subclass)**

72.    Plaintiff incorporates by reference all preceding allegations.

73.    Defendant intentionally suppressed and concealed material facts about its Garden Set as alleged herein. Defendant was in the best position to know about the manufacture and composition of its product but failed to disclose material facts to Plaintiff and Class members.

74.    Plaintiff and the Class members had no reasonable means of knowing that the Garden Set contained unlawful amounts of lead or that Defendant had failed to disclose this fact.

75.    Had Plaintiff and Class members known the truth, and of the material facts that Defendant omitted to disclose to them, they would not have purchased the Garden Set and incurred economic costs.

76.    Defendant concealed the truth to profit from the sale of more Garden Sets and to avoid the public finding out the truth about the unlawful lead contained therein.

77.    The presence of unlawful amounts of lead in the Garden Set is material.

78.    When deciding whether to purchase the Garden Set, Plaintiff and the Class Members reasonably relied to their detriment on Defendant's material misrepresentations and omissions as detailed herein.

79.    Plaintiff and the Class members sustained damages in the form of economic costs as a direct and proximate result of Defendant's deceit and fraudulent concealment.

80.    Defendant's fraudulent concealment was malicious, oppressive, deliberate, intended to defraud Plaintiff and Class members, and intended to enrich Defendant, and has been in reckless disregard of Plaintiff's and Class members' rights, interests, and well-being. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct, to be determined according to proof at trial.

<u>**COUNT V**</u>
**Unjust Enrichment (Brought in the Alternative)**
**(On behalf of Plaintiff, the Nationwide Class, and the Florida Subclass)**

81.    Plaintiffs incorporate by reference all preceding allegations.

82.    Plaintiff pleads this claim in the alternative to his other claims to the extent there is no adequate remedy at law.

83.    Defendant created and implemented a scheme to market the Garden Set to increase sales through numerous false and misleading statements and material omissions, including, for example, that its Garden Set was safe for use as a children's toy, or by omitting the fact that the Garden Set contained unlawful amounts of lead.

84.    Defendant received a measurable benefit at the expense of Plaintiff and the Class members.

85.    Defendant accepted monetary benefits from Plaintiff and the Class members at the detriment of Plaintiff and the Class members.

86.    Even after recalling the Garden Set, Defendant did not refund the purchase price to Plaintiff and the Class Members; instead, it offered a replacement after an onerous and annoying process that cost Plaintiff and the Class Members considerable time and effort.

87.    By offering an inadequate replacement remedy rather than a refund, Defendant furthered its scheme of seeking to obtain and keep ill-gotten gains from selling a product that contains lead.

88.     The cost of replacing the product is less than the cost of refunding the purchase price to consumers, and Defendant is seeking to pocket the difference despite its wrongful conduct.

89.     As a result, Defendant has been unjustly enriched.

90.     There is no justification for Defendant's enrichment. It would be inequitable, unconscionable, and unjust for Defendant to be permitted to retain benefits because the benefits were procured as a result of its wrongful conduct.

91.     Plaintiff and the Class members are entitled to full restitution of the benefits that Defendant unjustly received and/or any amounts necessary to return Plaintiff and Class members to the position they occupied prior to purchasing the Garden Set.

## COUNT VI
**Florida Deceptive and Unfair Trade Practices Act**
**Fla. Stat. § 501.201, et seq.**
**(On behalf of Plaintiff and the Florida Subclass)**

92.     Plaintiff incorporates by reference all preceding allegations.

93.     Plaintiff is a "consumer" within the meaning of Fla. Stat. § 501.203.

94.     Defendant is engaged in "trade" and "commerce" within the meaning of Fla. Stat. § 501.203 as it markets, promotes, and sells the Garden Set for sale to consumers within the State of Florida.

95.     Defendant's representations and/or omissions were material to a reasonable consumer and likely to affect consumer decisions and conduct.

22

96.    Defendant used and employed deceptive and unfair methods of competition and unfair or deceptive acts, practices, and or representations in the conduct of trade or commerce.

97.    Defendant's acts and practices offend public policy as established by statute. Defendant's acts and practices violate the Federal Trade Commission Act, which provides that "unfair or deceptive acts or practices in or affecting commerce . . . are . . . declared unlawful." 15 U.S.C. § 45(a)(1). An act or practice is "unfair" if it "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." 15 U.S.C. § 45(n).

98.    Defendant's acts and practices are fraudulent, willful, knowing, or intentional, immoral, unethical, oppressive, and unscrupulous.

99.    Defendant's conduct is substantially injurious to consumers. Such conduct has, and continues to cause, substantial economic injury to consumers because consumers would not have paid for the Garden Set but for Defendant's false and misleading representations, omissions, and promotion as detailed throughout this Complaint.

100.    Consumers have thus paid unnecessarily for a useless and potentially dangerous product and such injury is not outweighed by any countervailing benefits to consumers or competition.

101.    Because consumers reasonably rely on Defendant's representations of its product, consumers could not have reasonably avoided such injury.

102.    The foregoing unfair and deceptive practices directly, foreseeably, and proximately caused Plaintiff and the Florida Subclass to suffer an ascertainable loss when they paid for the Garden Set based on Defendant's false and misleading material statements and omissions.

103.    Plaintiff and the Florida Subclass are entitled to recover damages and other appropriate relief pursuant to Fla. Stat. § 501.211 and 501.2105.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, respectfully requests that the Court:

a.    Determine that Defendant is liable for the violations set forth above;

b.    Award Plaintiff and the Class all compensatory, statutory, restitution, exemplary, treble, and punitive damages as provided by law;

c.    Grant appropriate equitable and declaratory relief;

d.    Order a mandatory injunction requiring Defendant to collect and dispose of the lead-contaminated products within the Garden Set;

e.    Certify each Class as defined herein, designating Plaintiff as Class representative, and appointing the undersigned counsel as Class Counsel;

24

f.    Declare that Defendant is financially responsible for notifying the Class members of the pendency of this action;

g.    Require that Defendant disgorge amounts wrongfully obtained for the sale of the Garden Set and award injunctive relief as permitted by law or equity, including enjoining Defendant from engaging in misleading and deceptive practices going forward;

h.    Schedule a trial by jury in this action on all claims so triable;

i.    Award Plaintiff's reasonable attorneys' fees, costs, and expenses, as provided by law;

j.    Award pre-judgment and post-judgment interest on any amounts awarded, as provided by law; and

k.    Grant such further relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby request a trial by jury on all issues triable as of right.

Dated:      November 11, 2024            */s/ Y. Michael Twersky*
                                        Y. Michael Twersky (NJ #041362011)
                                        Shanon J. Carson*
                                        Joseph E. Samuel, Jr.*
                                        BERGER MONTAGUE PC
                                        1818 Market Street, Suite 3600
                                        Philadelphia, PA 19103
                                        (215) 875-3052
                                        mitwersky@bm.net

scarson@bm.net
jsamuel@bm.net

John Albanese*
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
(612) 594-5997
jalbanese@bm.net

*pro hac vice applications
 forthcoming